**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

GUADALUPE BETANCOURT,

        Plaintiff,

vs.

HOOTERS OF TULSA, INC.,

        Defendant.

Case No. 09-CV-357-FHM

**OPINION AND ORDER**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 23] is before the undersigned United States Magistrate Judge for disposition.[1]  The matter has been fully briefed.  For the reasons specified herein, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is DENIED.

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief. *Robbins*, 519 F.2d at 1247 (quoting *Twombly*, 127 S.Ct. at 1965).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  In other words:

> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

---

[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. [Dkt. 22].

*Ridge at Red Hawk, L.L.C. v Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Plaintiff seeks injunctive relief, attorney's fees and litigation expenses pursuant to the Americans with Disabilities Act, (ADA), 42 U.S.C. § 12181, et seq. Plaintiff alleges she: requires use of a wheelchair for mobility; is a resident of Arkansas City, Kansas who has visited the Defendant's restaurant in Tulsa, Oklahoma; encountered architectural barriers at Defendant's restaurant in Tulsa, Oklahoma; visits the Tulsa area periodically as she has family members who reside in the area; and intends to return to Tulsa in November, 2009 and intends to visit Defendant's restaurant at that time. [Dkt. 18].

Defendant argues that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because "she has failed to plead sufficient individual standing to bring this lawsuit." [Dkt. 24, p. 5]. Defendant states:

> She has failed to raise any plausible allegations showing a future injury based on future visits to this restaurant. The vague assertion in her Original Complaint that she "plans" to return to the Hooters restaurant is not cured by the far-fetched assertion in her Amended Complaint that she plans to spend part of the baby shower trip to Tulsa at Hooters. Moreover case law has not favored her contention that having family in the Tulsa area is sufficient to show an intention to return to this particular Hooters located in Tulsa.

[Dkt. 24, p. 6].

The court finds that Plaintiff's assertion, supported by her affidavit, that she has plans to return to Tulsa in November, 2009 for the purpose of attending a baby shower and wishes to eat at Defendant's restaurant, [Dkt. 26-2], is sufficient to establish an intent to return sufficient to confer standing to address prospective harm. *Tandy v. City of Wichita*, 380 F.3d 1277, 1288 (10th Cir. 2004), cited by Defendant, supports this finding.

In *Tandy*, a number of disabled bus passengers attempted to use the city transit system as "testers." The *Tandy* Court concluded that Congress conferred standing under Title II of the ADA to the full limits of the Article III of the Constitution[2] and held that "tester" standing exists. 380 F.3d at 1287. An averment by one plaintiff that she "intends to test Wichita Transit's fixed-route buses several times per year" was sufficient to establish "a real and immediate threat of repeated injury." *Id.* at 1288. However, at the summary judgment stage, a mere allegation unsupported by an affidavit that a different plaintiff "desires" to use the bus system was not sufficient to establish a real and immediate threat of repeated injury. *Id.*

The court finds that Plaintiff's Amended Complaint and her affidavit which state her plans to return to Defendant's restaurant in November 2009 contain sufficient allegations to raise the claim to relief above the speculative level. Therefore, Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 23] is DENIED.

SO ORDERED this 8th day of October, 2009.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[2] In *Valley Forge Christian College v. Americans United for Separation of Church and State,* Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700(1982) the Supreme Court explained that Article III of the Constitution requires a party to show that he or she has personally suffered some actual or threatened injury that can be traced to the challenged action and is likely to be redressed by a favorable decision.